UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RYAN NOAH SHAPIRO,                              )
c/o Law Office of Jeffrey L. Light             )
1712 Eye St., NW, Suite 915                    )   Judge _____
Washington, DC 20006,                          )   Civil Action No. _____
                                               )
            PLAINTIFF                          )
    vs.                                        )
                                               )
DEPARTMENT OF JUSTICE,                         )
950 Pennsylvania Ave., NW                      )
Washington, DC 20530                           )
                                               )
                                               )
            DEFENDANT                          )
                                               )
_____      )

## COMPLAINT

### THE PARTIES

1.      Plaintiff Ryan Noah Shapiro is a Ph.D. candidate in the Department of Science, Technology, and Society (HASTS) at the Massachusetts Institute of Technology, as well as a Research Affiliate at the Berkman Klein Center for Internet & Society at Harvard University. Plaintiff is an historian of national security, the policing of dissent, and governmental transparency.

2.      Plaintiff seeks access to certain public records to write popular news and/or scholarly articles for distribution to the academic and general public. His connections and relationships with a wide range of domestic and international media organizations will ensure that any story he drafts based on the information contained in these documents will be published and reprinted.

3.      Defendant Department of Justice (DOJ) is an agency of the United States.

4.      The United States Attorney's Office for the District of Columbia (USAO-DC) is a component of Defendant DOJ.

5.      The USAO-DC and DOJ have possession, custody and control of the records Plaintiff seeks.

## JURISDICTION AND VENUE

6.      This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

7.      This Court has jurisdiction over the parties and subject matter pursuant to 5 USC § 552(a)(4)(B).

8.      Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).

## STATEMENT OF FACTS

### BACKGROUND

9.      The USAO-DC maintains what is known as the "*Lewis* list," a computerized list of police officers who are under investigation. *Lewis* refers to the District of Columbia Court of Appeals case *Lewis v. United States*, 408 A.2d 303 (D.C. 1979), which requires the government to turn over to criminal defendants information regarding the impeachable convictions of government witnesses.

10.     When the USAO-DC becomes aware of information that will need to be disclosed to the defense pursuant to *Lewis*, it updates this list by "flagging" the police officer in the database.

11.     When an AUSA runs a police officer's name through the *Lewis* list, those which are flagged will direct the AUSA to contact the officer's supervisor for additional information.

12.     A *Lewis* Committee maintains the *Lewis* list. The USAO-DC established the *Lewis* Committee in the mid-1990s. The purpose of the Committee is to ensure that the USAO-DC complies with its duties of disclosure under *Lewis* and its progeny.

13.     The decision to place an office on the *Lewis* list is made based on credible information giving rise to a reasonable belief that the officer committed a bad act going to veracity.

## PLAINTIFF'S FOIA REQUESTS

The *Lewis* list request

14.     Plaintiff submitted a FOIA request on March 25, 2013 for records "maintained by the United States Attorney's Office for the District of Columbia (USAO-DC) which constitute the current '*Lewis* list' and any records referring or relating to any *Lewis* list."

15.     In a letter dated May 20, 2013, the Executive Office of the United States Attorneys (EOUSA) assigned the request tracking number 2013-1428 and issued a Glomar response pursuant to Exemptions 6 and 7(C). The letter further indicated that if Plaintiff desired to obtain public records he should submit a letter asking for public documents.

16.     Plaintiff submitted a letter asking for public documents and also filed an administrative appeal.

The administrative appeal of the original *Lewis* list request and subsequent remand

17.     On May 27, 2013, Plaintiff administratively appealed the EOUSA's response. Plaintiff contended in his appeal that the EOUSA had conducted an inadequate search, had improperly withheld responsive records, and had failed to release segregable portions of records.

18.     In a letter dated August 6, 2013, OIP assigned the appeal tracking number AP-2013-03616. OIP remanded the request for a further search for records concerning "any records referring or relating to any Lewis list." With respect to the *Lewis* list itself, OIP affirmed on partly modified grounds, finding that the Glomar response was proper under Exemption 7(C).

19.     At the time of filing of this Complaint, no further correspondence has been received by Plaintiff from EOUSA regarding this request and the EOUSA has not made a final decision whether to release responsive records.


The request for public records referring or relating to the *Lewis* list

20.     In response to the May 20, 2013 letter indicating that if Plaintiff desired to obtain public records he should submit a letter asking for public documents, on May 28, 2013, Plaintiff submitted a letter asking for public documents.

21.     In a letter dated July 15, 2013, the EOUSA acknowledged receipt of this letter and assigned the tracking number 13-2364 to Plaintiff's request for public documents.

22.     In a February 19, 2014 letter to Plaintiff, EOUSA stated that it had found no responsive records. The letter also indicated a new tracking number of ORACL-2014-959.

23.     On April 4, 2014, Plaintiff filed an administrative appeal.

24.     In a letter dated April 16, 2014, OIP acknowledged receipt of the appeal and assigned it tracking number AP-2014-2491.

25.     Plaintiff has not received any decision from OIP as to his administrative appeal. However, it appears that OIP remanded the request. In a letter dated July 18, 2014, the EOUSA assigned tracking number FOIA-2014-3190 to "Remand of ORACL-2014-959."

26.     In a letter dated May 20, 2016, the EOUSA requested that Plaintiff indicate if he was still interested in the request.

27.     In an email on June 1, 2016, Plaintiff indicated that he is still interested in the records.

28.     Plaintiff has not received any further communication from EOUSA with respect to FOIA-2014-3190 and the EOUSA has not made a final decision whether to release responsive records.


The *Lewis* Committee request

29.     On August 13, 2016, Plaintiff submitted a request to the EOUSA for records that "refer or relate to the *Lewis* Committee," including "minutes of the Committee's meetings; correspondence between the Committee and federal, state, and local law enforcement officers or agencies; referrals from the Metropolitan Police Department of officers for placement on the Lewis list; records reflecting the criteria, rules, or procedures employed by the Committee in determining whether to place officers on the *Lewis* list; records documenting the establishment of the Committee in the mid-1990s; records documenting the membership of the Committee; applications to the Committee for removal of an officer from the Lewis list; decisions of the Committee about the placement or removal of officers on the Lewis list; and rules or standard operating procedures of the Committee." The request also instructed the agency to search "correspondence to and from former Assistant U.S. Attorney Roy McLeese, who was

instrumental in establishing the Committee and was a member of the Committee for many years."

30.     In a letter dated August 30, 2016, EOUSA acknowledged having received the request on August 15, 2016 and assigned it tracking number FOIA-2016-3656.

31.     In a second letter dated September 13, 2016, EOUSA acknowledged receiving the request on September 15, 2016 and assigned it tracking number FOIA-2016-3800. This second letter appears to have sent in error.

32.     At the time of filing of this Complaint, more than 30 business days have elapsed and Plaintiff has not received a final determination from the EOUSA as to whether or not it will comply with the request.

## COUNT I:
## VIOLATION OF FOIA

33.     This Count realleges and incorporates by reference all of the preceding paragraphs. All documents referenced in this Complaint are incorporated by reference as if set forth fully herein.

34.     Defendant has improperly withheld records responsive to FOIA request tracking numbers 2013-1428, 2014-3190, 13-2364, ORACL-2014-959, FOIA-2016-3656, and FOIA-2016-3800.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Order Defendant to disclose the records being wrongfully withheld;

(3) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in

this action pursuant to 5 USC § 552(a)(4)(E)(i);

(4) Grant Plaintiff such other and further relief which the Court deems proper.


Respectfully Submitted,

   /s/ Jeffrey Light          
Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

*Counsel for Plaintiff*