UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RYAN NOAH SHAPIRO,   )
                    )
         PLAINTIFF  )   Civil Action No. 1:16-cv-1959 (DLF)
    vs.             )
                    )
DEPARTMENT OF JUSTICE,  )
                    )
         DEFENDANT  )
                    )

**STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE**

1. An AUSA sent a letter to a federal public defender advising that a witness who testified at a trial was placed on the *Lewis* list as a result of credibility problems. (Ex. 1.)

2. The AUSA's letter states that a Superior Court judge made a "complaint" to the United States Attorney's Office regarding the police officer's credibility. (Ex. 1.)

3. A search can be conducted through the "Participant Search" feature of the USAO-DC's LIONS system using the names of officers' on the *Lewis* list as search terms. (Ex. 2.)

4. Former U.S. Attorneys Machen, Phillips, and Cohen all issued memoranda relating to the *Lewis* committee. (Tischner Decl. Ex. B, C; Pl. Ex. 3)

5. The late disclosure or suppression of investigations into police misconduct that involve the police officer witnesses is one of the most frequently occurring Brady disclosure problems in PDS's Trial Division cases. (Anderson Decl. ¶ 5.)

1

6. If the *Lewis* list is disclosed, PDS would be able to review the list in advance of its upcoming trials. (Anderson Decl. ¶ 9.)

7. If the *Lewis* list is disclosed, PDS would review the list to determine if there are instances of suppression of police officer witness impeachment information of which PDS is not currently aware. (Anderson Decl. ¶ 10.)

8. There have been concerns raised by judges, commentators, and the press regrading widespread *Brady* violation in the United States. *United States v. Olsen*, 737 F.3d 625, 631 (9th Cir. 2013) (Kozinsky, J., dissenting from denial of reh'g en banc); *White Paper: An Epidemic of Prosecutorial Misconduct*, Center for Prosecutorial Integrity (updated 2013), http://www.prosecutorintegrity.org/wp-content/uploads/EpidemicofProsecutorMisconduct.pdf; "Rampant Prosecutorial Misconduct," *New York Times* Editorial Board (Jan. 4, 2014), available at https://www.nytimes.com/2014/01/05/opinion/sunday/rampant-prosecutorial-misconduct.html.

9. MPD officers have, at times, announced to the public their placement on the *Lewis* list. *See e.g., Stanley Barker v. Metropolitan Police Department*, OEA Matter No. 1601-0143-10 (D.C. Office of Employee Appeals Nov. 28 2012), *available at* https://oea.dc.gov/sites/default/files/dc/sites/oea/publication/attachments/Barker-MPD-reinstate%20with%20new%20caption--11-28-12-final.pdf; *Nicole Lindsey v. D.C. Metropolitan Police Department*, OEA Matter No. 1601-0081-09 (D.C. Office of Employee Appeals (Oct. 28, 2011); *Humberson v. United States Atty.'s Office*, 236 F. Supp. 2d 28 (D.D.C. 2003).

10. Published court opinions have, at times, announced to the public the placement of officers on the *Lewis* list. *See e.g., United States v. Wilson*, 605 F.3d 985, 1003-04 (D.C. Cir. 2010); *United States v. Bowie*, 198 F.3d 905, 908 (D.C. Cir. 1999); *United States v. Whitmore*, 359 F.3d 609, 614 (D.C. Cir. 2004).

11. The USAO-DC has, at times, announced to the public the placement of officers on the Lewis list. *United States v. Grandson*, No. F57513-04, Gov. Resp. Def. Mot. Pursuant to § 23-110 (D.C. Super Ct.)

        Respectfully Submitted,

        _/s/ Jeffrey Light_____
          Jeffrey L. Light
          D.C. Bar #485360
          1712 Eye St., NW
          Suite 915
          Washington, DC 20006
          (202)277-6213
          Jeffrey@LawOfficeOfJeffreyLight.com

        *Counsel for Plaintiff*