UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RYAN NOAH SHAPIRO,

    *Plaintiff*,

v.

UNITED STATES DEPARTMENT OF
JUSTICE,

    *Defendant*.

No. 16-cv-1959 (DLF)

## MEMORANDUM OPINION AND ORDER

Ryan Noah Shapiro is a Ph.D. candidate in the Department of Science, Technology, and Society at the Massachusetts Institute of Technology. Compl. ¶ 1, Dkt. 1. He seeks access to various Department of Justice documents under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. *Id.* ¶¶ 9–32. His request includes the "*Lewis* List" and related materials. *See id.* The Department relies on the *Lewis* List to determine whether allegations of misconduct must be disclosed in connection with court proceedings. Declaration of Vinay J. Jolly ("Jolly Decl.") ¶ 25, Dkt. 14-1. Shapiro filed this lawsuit alleging that the Department violated FOIA by unlawfully withholding responsive records. Compl. ¶ 34.

Before the Court are the Department of Justice's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, Dkt. 38, and Shapiro's Cross-Motion for Summary Judgment, Dkt. 41. At issue on summary judgment is the Department's basis for invoking FOIA Exemptions 5, 6, 7(C), and 7(F) to withhold responsive records. *See* Pl.'s Opp'n at 9 n.4, Dkt. 40. Because the Department's supporting materials lack sufficient detail to determine whether

the Department properly invoked these exemptions, the Court will deny both motions without prejudice.

A FOIA dispute is unusual in our adversarial system.  The plaintiff "faces an 'asymmetrical distribution of knowledge' where the agency alone possesses, reviews, discloses, and withholds the subject matter of the request." *Judicial Watch, Inc. v. Food & Drug Admin.*, 449 F.3d 141, 146 (D.C. Cir. 2006) (quoting *King v. U.S. Dep't of Justice*, 830 F.2d 210, 218 (D.C. Cir. 1987)).  The agency meanwhile "has the difficult obligation to justify its actions without compromising its original withholdings by disclosing too much information."  *Id.*

With this balancing act in mind, the D.C. Circuit has settled on requiring the agency to submit the following information: The agency must "describe *each* document or portion thereof withheld."  *King*, 830 F.2d at 223.  It must "specifically identify[] the reasons why a particular exemption is relevant."  *Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977).  It must "correlat[e] those" claimed exemptions "with the particular part of a withheld document to which they apply."  *Id.*  And "for *each* withholding it must discuss the consequences of disclosing the sought-after information."  *King*, 830 F.2d at 223–24.

This set of requirements "serves three important functions that help restore a healthy adversarial process."  *Judicial Watch*, 449 F.3d at 146.  First, "it forces the government to analyze carefully any material withheld."  *Id.*  Second, "it enables the trial court to fulfill its duty of ruling on the applicability of the exemption."  *Id.*  And third, "it enables the adversary system to operate by giving the requester as much information as possible" for challenging the withholdings in court.  *Id.*

Form follows function, and so agencies "frequently rely on *Vaughn* indices" to satisfy these requirements.  *DiBacco v. U.S. Army*, 795 F.3d 178, 186 n.2 (D.C. Cir. 2015).  A *Vaughn*

index is "a system of itemizing and indexing" that correlates the agency's "refusal justification with the actual portions of the document" withheld.  *See Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973).  That said, an agency's supporting materials can take any form so long as they meet all the requirements mentioned above.  *See Judicial Watch*, 449 F.3d at 146.  Here, the Department of Justice has opted not to submit a *Vaughn* index.  It relies instead on seven supporting affidavits.[1]  It also has offered to provide documents for *in camera* review if necessary.  *See* Def.'s Opp'n at 2 n.1, Dkt. 44.

      The Department's supporting affidavits do not satisfy these requirements.  To start, in most instances, the affidavits do not describe "*each* document or portion thereof withheld" in enough detail for the Court to evaluate the claimed exemption.  *King*, 830 F.2d at 223.  Take the *Lewis* List itself.  The Tischner Declaration suggests that the list has two columns of information—the officer's name and a designation such as "no record found" or "see supervisor."  Tischner Decl. ¶ 14–16.  But the Nails Declaration suggests that the list also includes other "identifying information" and "AUSA notations providing the reason for the officer being flagged."  Nails Decl. ¶ 28.  The Court cannot evaluate the justifications for withholding the *Lewis* List without more clarity about what it contains.

      There are other examples.  The Department of Justice described one set of documents as "three emails and their attachments" contained "[o]n the U: drive [in] a folder named 'Lewis.'"  Nails Decl. ¶ 20.  It described another set as "documents contained on the I: drive related to the Lewis [sic] List and Lewis [sic] Committee."  *Id.* ¶ 21.  It described one document merely as "an

---

[1] *See* Jolly Decl.; Declaration of Gary A. Nails ("Nails Decl."), Dkt. 14-2; Declaration of Richard Tischner, Dkt. 14-3; Declaration of Assistant Chief Robert Contee, Dkt. 30-1; Second Declaration of Gary A. Nails, Dkt. 31-1; Second Declaration of Vinay J. Jolly ("Second Jolly Decl."), Dkt. 31-2; Declaration of David M. Hardy, Dkt. 38-1.

Excel spreadsheet named 'MPD Members'" that "contained the names and other identifying information of MPD officers." *Id.* ¶ 29. And when it withheld each of former Assistant U.S. Attorney (AUSA) Roy McLeese's emails that related to the *Lewis* List—3,199 emails in all—it described those emails as falling *mainly* into two categories. Second Jolly Decl. ¶¶ 5–6. Not only did the Department fail to describe the emails that fell *beyond* those two categories, but also the descriptions of the two categories themselves are "too vague and non-specific to evidence that [the agency] carefully analyzed all information withheld." *Budik v. Dep't of Army*, 742 F. Supp. 2d 20, 36 (D.D.C. 2010). The Department's descriptions of other documents are similarly vague. *See, e.g.*, Nails Decl. ¶¶ 17–30.

The Department of Justice also has not "correlat[ed]" its claimed exemptions "with the particular part of a withheld document to which they apply." *Mead Data Cent.*, 566 F.2d at 251. For example, the Department "asserted Exemption 5 to protect [an] AUSA's internal comments and memoranda and emails between AUSAs." Jolly Decl. ¶ 28. It used Exemption 6 "to protect information pertaining to third-party individuals." *Id.* ¶ 40. It invoked Exemption 7(C) to withhold "[a]ll of the information at issue in this matter." *Id.* ¶ 32. And it applied Exemption 7(F) "to the documents in this case in conjunction with other exemptions." *Id.* ¶ 42. With descriptions this general, the Court cannot discern whether the Department has "claim[ed] exemptions too broadly, thereby sweeping unprotected information within the statute's reach." *Judicial Watch*, 449 F.3d at 147.

Of course, the Department of Justice need not "treat each document individually," and "codes and categories may be sufficiently particularized to carry the agency's burden of proof." *Id.* But the Department's submissions do not resemble the specificity of other submissions that the D.C. Circuit has blessed. *See id.* (affirming a categorical approach when the agency coupled

4

a detailed *Vaughn* index with affidavits justifying the withheld categories). They resemble instead the "broad, sweeping, generalized claims under several exemptions covering voluminous information running many hundreds of pages" that "sparked the remand in *Vaughn*" itself. *Mead Data Cent.*, 566 F.2d at 251.

None of this is to say that the Department of Justice cannot ultimately show that its withholdings were proper under one or more exemptions. Nor does this opinion prevent the Department from explaining why *in camera* review might be appropriate for particular documents. But for now, the Court lacks "the minimal information necessary to make a determination" in this FOIA dispute. *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 861 (D.C. Cir. 1980). The Department must therefore "identify with reasonable specificity the information withheld from each document," provide "a reasonably detailed justification for invoking the exemption," connect "the claimed justification with the specific information withheld," *Budik*, 742 F. Supp. 2d at 39, and "for *each* withholding . . . discuss the consequences of disclosing the sought-after information," *King*, 830 F.2d at 223–24.

For these reasons, it is

**ORDERED** that the Department of Justice's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, Dkt. 38, is **DENIED** without prejudice. It is further

**ORDERED** that Shapiro's Cross-Motion for Summary Judgment, Dkt. 41, is **DENIED** without prejudice. It is further

**ORDERED** that the Department of Justice supplement the record with a *Vaughn* index, additional affidavits, or other materials that address the deficiencies identified in this memorandum opinion. It is further

**ORDERED** that the parties shall confer and propose a schedule for further proceedings, including renewed motions for summary judgment, if necessary, on or before **June 25, 2020**.

June 11, 2020

_____
DABNEY L. FRIEDRICH
United States District Judge